United States District Court
Southern District of Texas
FILED
MAY - 6 1993
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAY - 6 1993
MICHAEL N. MILBY, CLERK
By Deputy: _____

| | |
|---|---|
| LEONEL TORRES HERRERA, )<br>)<br>Petitioner )<br>)<br>VS. )<br>)<br>JAMES A. COLLINS, DIRECTOR )<br>TEXAS DEPARTMENT OF )<br>CRIMINAL JUSTICE, )<br>INSTITUTIONAL DIVISION, )<br>)<br>Respondent ) | CIVIL ACTION NUMBER<br><br>M-92-031 |

## MEMORANDUM

Petitioner Leonel Torres Herrera, by counsel, filed with this Court his third federal Petition for Writ of Habeas Corpus, pursuant to Title 28 U.S.C. § 2254, a Motion for Stay of Execution, a Motion for Discovery, Motion for Fees and Funds and an Application to Proceed In Forma Pauperis in the above-referenced cause of action. This Petition was filed in the early morning hours of February 19, 1992, a date upon which Petitioner was scheduled to be executed. The Court granted Petitioner's Application to Proceed In Forma Pauperis and his Motion for Stay of Execution. The Fifth Circuit Court of Appeals vacated the stay.

In this third federal Petition the Petitioner makes the following bifurcated claim which was also included in his second federal petition:

> The State's failure to reveal exculpatory evidence resulted in the conviction and sentence of an innocent person, in violation of the Sixth, Eighth, and Fourteenth Amendment, and
>
> Petitioner is innocent, another person has confessed to the crime, and Petitioner's execution would thus violate his Eighth and Fourteenth Amendment Rights.

The Respondent has moved to dismiss this case under rule 9(b) of the Rules Governing Section 2254 cases in the United States District Court and, alternatively, for summary judgment.

On the same date as the filing of this latest Petition, the Supreme Court issued a Writ of <u>Certiorari</u> to review the free standing actual innocence claim which had been raised by the Petitioner. The Supreme Court has since issued its opinion in that case and denied relief for the Petitioner. <u>Herrera v. Collins</u>, ____ U.S. ____, 113 S.Ct. 853 (1993).

The Fifth Circuit Court of Appeals, in ruling on the Respondent's appeal of this Court's stay of execution in the second petition, has already reviewed this same claim as an actual innocence claim standing alone and also as one tied with a claim of a <u>Brady</u> violation. The Court of Appeals stated that the Petitioner's <u>Brady</u> claim stated no constitutional error which would require granting relief and that there were no grounds to grant relief on the free standing actual innocence claim. <u>Herrera v. Collins</u>, 954 F.2d 1029 (5th Cir. 1992)

This third federal petition presents the identical actual innocence claim along with the identical <u>Brady</u> claim that have been

2

addressed by the higher courts. The only possible difference is an additional affidavit of Raul Herrera, Jr., dated February 17, 1992 and filed in support which presents allegations of illegal drug activities. Even if said affidavit may not have been considered by the higher courts, nothing in this additional affidavit suggests to this Court that the reasoning of the Supreme Court and the Court of Appeals in the two previously cited cases would be different.

This Court is compelled to follow Herrera v. Collins, ___ U.S. ___, 113 S.Ct. 853 (1993) and Herrera v. Collins, 954 F.2d 1029 (5th Cir. 1992) and finds that it should dismiss this third federal Petition and grant Respondent's Motion to Dismiss.

The Clerk shall send a copy of this Memorandum to counsel for Petitioner and to counsel for the Respondent.

DONE on this 6th day of May, 1993, at McAllen, Texas.

_____
Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

3